**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000384**
**17-APR-2026**
**08:01 AM**
**Dkt. 50 SO**

NO. CAAP-24-0000384

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LL CHAN LIMITED PARTNERSHIP,
Plaintiff/Counterclaim Defendant-Appellee,
v.
SDB ENTERPRISE LLC, a Hawaiʻi limited liability company,
dba Bourbon Street Restaurant & Bar; and
BEVERLY CHAPMAN, Defendants/Counterclaimants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DRC-22-0000961)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Leonard and Hiraoka, JJ.)

SDB Enterprise LLC and Beverly **Chapman** (together, **SDB**) appeal from the ***Judgment*** for LL **Chan** Limited Partnership entered by the District Court of the First Circuit, Honolulu Division. SDB challenge the District Court's ***Decision and Order***, which contained findings of fact, conclusions of law, and mixed findings and conclusions.[1]  We affirm.

Chan leased commercial property on Alakea Street to SDB Enterprise LLC by a **Lease** dated February 26, 2021. Chapman guaranteed the Lease. On February 14, 2022, Chan sued SDB for summary possession, unpaid rent, and other amounts due under the Lease. SDB counterclaimed for breach of a January 21, 2021

---

[1]  The Honorable Thomas A.K. Haia presided.

Letter of Intent and for abatement of rent under the doctrine of impracticability.  SDB filed an amended counterclaim on September 12, 2022, adding allegations of fraud.

A judgment for possession was entered on June 15, 2022.[2]  Trial on Chan's claim for damages and SDB's counterclaim was held on February 15, 16, and 23, 2023.  The Decision and Order was entered on December 29, 2023.  The Judgment was entered on April 23, 2024.  This appeal followed.

SDB contend the trial court erred by excluding their Exhibit L from evidence.  They also challenge the trial court's findings of fact and conclusions of law, some of which were mixed findings and conclusions.

**(1)**  Chan objected to admission of Exhibit L based on hearsay under Rule 802 of the Hawaii Rules of Evidence (**HRE**).  Admission or exclusion of hearsay evidence is reviewed under the *right/wrong* standard.  State v. Fitzwater, 122 Hawaiʻi 354, 362, 227 P.3d 520, 528 (2010).

The trial transcript shows that SDB offered Exhibit L through Richard **Bain,** a claim adjuster for **Crawford** & Company.  Crawford adjusted SDB's insurance claim for property damage at the leased building.  Crawford recommended retaining a structural engineer "because there were things there that looked like they were preexisting issues."  Exhibit L appears to have been the engineer's report, but we can't confirm this because the exhibit does not appear in the record on appeal.

Bain testified that Exhibit L came from Crawford's records.  SDB moved it into evidence.  Chan objected to hearsay.  SDB argued the "business records exception" applied.  The court sustained the objection.

Further questioning revealed that the person who stamped or signed the report (**Best**) was not the person (**Yala**) who had inspected and photographed the building with Bain.  SDB again

_____

[2]    SDB do not challenge the judgment for possession.

2

moved Exhibit L into evidence.  Chan objected to hearsay.  The court sustained the objection based on circumstances indicating lack of trustworthiness, citing <u>Fitzwater</u>.

HRE Rule 803(b)(6) provides an exception to the hearsay rule for "records of regularly conducted activity":

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, . . . ***unless the*** *sources of information or other* ***circumstances indicate lack of trustworthiness***.

(Emphasis added.)

In <u>Fitzwater</u>, the supreme court held:

> when an entity incorporates records prepared by another entity into its own records, they are admissible as business records of the incorporating entity ***provided that*** it relies on the records, ***there are other indicia of reliability***, and the requirements of HRE Rule 803(b)(6) are otherwise satisfied.  The requirements of (1) reliance, and (2) indicia of reliability do not supplant the provisions of the rule; rather, we view them as necessary in these circumstances to satisfy the rule's requirement that the records were "made in the course of a regularly conducted activity" of the incorporating entity.

122 Hawaiʻi at 367-68, 227 P.3d at 533-34 (emphasis added).

Here, SDB did not make a request under Hawaiʻi Rules of Civil Procedure Rule 43(c); the record does not contain a copy of Exhibit L.  We do not know what was reported, whether Best (the declarant) incorporated what was reported by Yala (the person who inspected the building), which would be double hearsay, or how the report was otherwise produced.  <u>See</u> <u>Fitzwater</u>, 122 Hawaiʻi at 368, 227 P.3d at 534 (noting "the record does not clearly establish how the speed check card was produced").  Bain admitted not knowing why Best signed the report instead of Yala.  Bain's "testimony did not adequately establish that there were other indicia of reliability" required under HRE Rule 803(b)(6).  <u>Id.</u> at 369, 227 P.3d at 535. On this record, we cannot say the District Court was wrong to sustain Chan's objections.

**(2)** SDB challenge a number of the District Court's finding of fact, conclusions of law, and mixed findings and conclusions. We review findings of fact under the *clearly erroneous* standard, and conclusions of law *de novo*. Cowan v. Exclusive Resorts PBL1, LLC, 156 Hawaiʻi 268, 272, 574 P.3d 288, 292 (2025). A conclusion presenting mixed questions of fact and law is reviewed under the clearly erroneous standard because it implicates the facts of the case. Id.

SDB's arguments challenge the weight of the evidence before the District Court and the credibility of the witnesses. The court specifically found Chan's representative, Larry Chan, and SDB's property inspector, Oscar Libed, to be credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Maunalua Bay Beach Ohana 28 v. State, 154 Hawaiʻi 144, 151, 547 P.3d 1174, 1181 (App. 2024), (quoting Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006)), aff'd, 157 Hawaiʻi 150, 575 P.3d 783 (2025).

With one exception, the findings of fact challenged by SDB were supported by substantial evidence in the record and were not clearly erroneous.

The District Court found:

> [SDB] failed to set forth any evidence that [Chan] falsely represented, [sic] that in lieu of [SDB]'s continuing obligations under the Lease to pay its rent, utilities and real property taxes, [SDB] could instead pay a total of $5,000.00 a week for rent, reimbursement of electricity and real property taxes beginning September 14, 2021.

The finding that SDB "failed to set forth any evidence" was clearly erroneous; Chapman briefly testified about what she claimed was a rent novation. But Larry Chan had previously testified the $5,000 payments were for "all the backup rent." The court believed Larry Chan, not Chapman. Its finding that

4

Chan did not make a false representation was not clearly erroneous.

The challenged conclusions of law were not wrong, and the challenged combined findings and conclusions were not clearly erroneous.

The April 23, 2024 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, April 17, 2026.

On the briefs:

Keith M. Kiuchi
for Defendants/
Counterclaimants-Appellants
SDB Enterprise LLC
and Beverly Chapman.

Nathan T. Natori,
Philip W. Miyoshi,
for Plaintiff/Counterclaim
Defendant-Appellee
LL Chan Limited Partnership.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge